AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | United States Courts<br>Southern District of Texas<br>FILED<br>*May 14, 2026*<br>Nathan Ochsner, Clerk of Court |
| v. | ) | |
| Efrain Geronimo Martinez-Oliva | ) | Case No. **4:26-mj-317** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 23, 2026_____ in the county of _____Harris_____ in the _____Southern_____ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, Subsequent to having been convicted of a felony, was found unlawfully in the United States at Harris County, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202 (3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Angel D. Bracero Lora, Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____05/14/2026_____

_____
*Judge's signature*

City and state: _____Houston, Texas_____     Hon. Christina A. Bryan , US Magistrate Judge
*Printed name and title*

**4:26-mj-317**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Angel D. Bracero Lora, being duly sworn by telephone, hereby depose and say:

(1)     I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since December 27, 2015. My law enforcement career began May 22, 2008, as a Customs and Border Protection Border Patrol Agent. I held this position until transferring to ICE as a Deportation Officer. I currently have over 17 years of immigration law enforcement experience.

(2)     On April 23, 2026, ICE was made aware of the unlawful presence of Efrain Geronimo Martinez-Oliva (Defendant) in the United States as a result of information provided by the Harris County Sherriff's Office (HCSO) in Harris County, Texas. The Defendant also goes by the alias(s) of Efrain R Martinez, Efren Martinez, Efrain Geronimo Martinez.

(3)     On May 13, 2026, HCSO transferred the Defendant to the custody of ICE at the Montgomery Processing Center in Conroe, Texas, for administrative immigration proceedings.

(4)     On May 14, 2026, at approximately 09:15 am., ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).

(5)     The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(6)     Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(7)     Element One: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(8)     Element Two: The Defendant has previously been deported or removed from the United States on the following occasion(s):

1. 08/03/2012
2. 03/26/2010
3. 08/19/2009

(9)    Element Three: After deportation, the Defendant was subsequently found in the United States on April 23, 2026, in Harris County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph and I am awaiting their response. I reviewed the same database and found no encounters.

(10)   Element Four: The Defendant did not have permission to re-enter the United States. On May 14, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(11)   Prior Criminal History: The Defendant has the following prior criminal history and/or gang affiliation:

a.   On June 28, 2005, Defendant, using the name Efrain Martinez, was convicted in the County Criminal Court in Hardee County, Florida, for the offense of burglary armed battery committed on or about March 19, 2005, in Cause No. 05000098CFMA. For this offense, a felony 1st degree, Defendant was sentenced to 5.5 years confinement.

b.   On February 19, 2010, Defendant, using the name Efren Martinez, was convicted in the 284th District Court in Montgomery County, Texas for the offense of theft property committed on or about October 4, 2009, in Cause No. 091110715. For this offense, a felony, Defendant was sentenced to 270 days confinement.

c.   On December 30, 2016, Defendant, using the name Efren Martinez, was convicted in the County Criminal Court at Law No. 1 Harris County, Texas for the offense of criminal mischief committed on or about December 28, 2016, in Cause No. 212886801010. For this offense, a class B misdemeanor, Defendant was sentenced to 60 days confinement.

d.   On April 22, 2026, the Houston Police Department in Harris County, Texas, arrested the Defendant for the offense of criminal mischief. On May 12, 2026, the Harris County Criminal Court at Law No. 14 dismissed the charge at the request of the Harris County District Attorney's Office. Cause No. 256156501010

(12)     On May 14, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning the criminal complaint. On or about that day, Assistant U.S. Attorney Lauren Valenti (713) 597-0997 accepted this case for prosecution for violation of 8 U.S.C. § 1326(a) and (b).

Angel D. Bracero Lora, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on May 14, 2026, and I find probable cause.

Hon. Christina A. Bryan
United States Magistrate Judge
Southern District of Texas